UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS MANUEL RUIZ, | ) | CASE NO.  4:12CV0598 |
| | ) | |
| | ) | |
| Petitioner | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| -vs- | ) | |
| | ) | |
| BUREAU OF PRISONS, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondents. | ) | |

Before the Court is *pro se* Petitioner Carlos Manuel Ruiz's above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner, who was incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.)  in Youngstown, Ohio when he filed this action, names the Bureau of Prisons (BOP), Correctional Corporations of America and N.E.O.C.C. Warden Michael Pugh as Respondents.  Petitioner is challenging the Respondents' denial of his request to complete the last six months of his sentence in home confinement.  For the reasons outlined below, the Petition is dismissed as moot.

### Background

On April 3, 2009, Petitioner was sentenced to serve 46 months in prison, followed by 3 years

supervised release. Eighteen months after his sentence was imposed, he submitted a request to N.E.O.C.C. staff asking for placement in home confinement during the last six months of his sentence. Because Petitioner is an alien inmate against whom an active detainer was lodged, N.E.O.C.C. staff explained he was considered ineligible for early release and denied his request.

Petitioner continued to pursue his request through the administrative exhaustion process. The request was denied at every level. In denying Petitioner's final appeal, the National Appeals Administrator, Harrell Watts, explained that the BOP applied a Deportable Alien Public Safety Factor (PSF) to Petitioner because he is a citizen of the Dominican Republic. That PSF designation excludes any prisoner, like Petitioner, from eligibility for early release programs. Moreover, Mr. Watts noted that the Immigration Customs Enforcement (ICE) agency lodged a detainer against Petitioner on June 15, 2010. The purpose of the detainer was to notify ICE when Petitioner was released from his criminal sentence so the agency could begin a deportation investigation. From this, the BOP determined Petitioner did not meet the eligibility criteria outlined in BOP Program Statement 7320.01, Home Confinement.

Petitioner now alleges the BOP's policy violates his constitutional rights under the Equal Protection Clause. He claims similarly situated inmates, who are not deportable aliens, are eligible for placement in early release programs. Petitioner maintains it is impermissible to single him out simply because he is a non-U.S. citizen subject to deportation. Therefore, he seeks an Order allowing him to be released to home confinement, pursuant to 18 U.S.C. 3624(c)(2), for the final 6 months of his sentence.[1]

---

[1]This is a reference to a provision within the Second Chance Act of 2007, which conditionally authorizes the placement of a prisoner in home confinement for 6 months or 10 percent of the
(continued...)

### *Standard*

The federal habeas statute provides, in relevant part, that: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3).  The statute only extends its reach to challenges that affect the length or duration of a prisoner's sentence.  Because the execution or manner in which a sentence is served may impact the length of a prisoner's confinement, any petition challenging that practice must be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).  Once Petitioner completed his prison sentence and was released from confinement at N.E.O.C.C., however, his request for habeas relief was rendered moot.

### *Mootness*

Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  The injury must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,'" not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted).  If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *See Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir.2004).

When this action was filed, Petitioner alleged he was being unlawfully confined by his custodian, Warden Pugh.  *See Vasquez v. Reno*, 233 F.3d 688, 690-91 (1st Cir. 2000)(prisoner's

---

[1](...continued)
term of imprisonment.  18 U.S.C. § 3624(c)(2).

proper custodian for purposes of habeas review is warden of facility where he is being held).  Since
that date, the BOP's Inmate Locator indicates that Petitioner was released from N.E.O.C.C. on
September 19, 2012.  *See* http://www.bop.gov/iloc2/LocateInmate.jsp.  Therefore, this Court cannot
direct Warden Pugh to grant the relief Petitioner has requested.  *See Braden v. 30th Judicial Circuit
Court of Kentucky*, 410 U.S. 484, 494-95 (1973)(in habeas corpus proceeding, the writ "does not act
upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be
unlawful custody"); namely, a transfer to home confinement.  As Petitioner is no longer confined at
N.E.O.C.C., this Court cannot provide the habeas relief he has requested pursuant to 28 U.S.C.
§2241.

### Conclusion

Based on the foregoing, this action is dismissed as moot.  The Court certifies,
pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good
faith.[2]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED:  October 5, 2012

---

[2]28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is
not taken in good faith.

-4-